IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CLARENCE FRANKLIN                                                                                  PLAINTIFF

vs.                                        Civil No. 6:15-cv-06105

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Pending now before this Court is Defendant's Motion to Dismiss. ECF No. 11.[1] Plaintiff has not responded to this motion. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4. Pursuant to this authority, the Court issues this Memorandum Opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Defendant filed a Motion to Dismiss alleging Plaintiff failed to exhaust all administrative remedies before filing the complaint in this Court. ECF No. 11. According to Defendant, Plaintiff filed a claim for disability insurance benefits on November 18, 2009. ECF No. 11-1. After Plaintiff's application was denied initially and upon reconsideration, Plaintiff filed a request for a hearing with an Administrative Law Judge ("ALJ"). *Id*. The ALJ held an administrative hearing on August 8, 2011, and issued an unfavorable decision on November 16, 2011. *Id.* Plaintiff requested Appeals Council review, and on March 22, 2013, the Appeals Council denied review. *Id.*

On April 26, 2013, Plaintiff filed a civil action in the United States District Court for the

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

Western District of Arkansas and this case was remanded for further proceedings on April 30, 2014. *Id.* Pursuant to the court order, the Appeals Council remanded this case to an ALJ for further proceedings. *Id.* On July 24, 2015, the ALJ issued an unfavorable decision. *Id.* On August 19, 2015, Plaintiff filed exceptions with the Appeals Council and this request is still before the Appeals Council. *Id.* Plaintiff filed a civil action in the United States District Court for the Western District of Arkansas on September 28, 2015. ECF No. 1.

Defendant argues Plaintiff has not received a final administrative decision from the Commissioner, and as such, Plaintiff failed to exhaust his administrative remedies. Plaintiff filed no response to Defendant's Motion to Dismiss.

**2. Discussion:**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal of a complaint for lack of subject matter jurisdiction. Subject matter jurisdiction is a threshold matter that pertains to the court's authority over the category of the claim in the suit. *See Ruhrgas AG v. Marathan Oil Co.*, 526 U.S. 574, 577, 583 (1999). The Social Security Act (Act) confers jurisdiction on United States district courts to review "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). A claimant's failure to exhaust all administrative remedies with SSA before filing an appeal in district court deprives the court of subject matter jurisdiction. *See Sims v. Apfel*, 530 U.S. 103, 106-107 (2000).

The Social Security regulations set forth the process of administrative review and explain a claimant's right to judicial review after he or she has taken all of the necessary administrative steps. *See* 20 C.F.R. § 416.1400(a). The administrative review process consists of several steps, which usually must be requested within certain time periods and in the following order: (1) initial

determination; (2) reconsideration; (3) hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 416.1400(a). When a claimant has completed the steps of the administrative review process, SSA will have made its final decision subject to judicial review in district court. *See* 20 C.F.R. § 416.1400(a)(5).

Here, Plaintiff requested Appeals Council review of the ALJ's decision, but the Appeals Council has not issued a decision or given Plaintiff notice that it is denying Plaintiff's request for review. As a result, he did not complete the administrative review process, Defendant had not issued a final decision subject to judicial review, and this Court lacks subject matter jurisdiction. *See* 20 C.F.R. §§ 416.1400(a), (b), 416.1481.

Based on this, the Court finds Plaintiff's complaint should be dismissed without prejudice.

### 3. <u>Conclusion:</u>

Based on the foregoing, Defendant's Motion to Dismiss (ECF No. 11) is **GRANTED**. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **22nd day of February 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE